MICHAEL BAILEY
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
AZ State Bar No. 010547
KEVIN C. HAKALA
NICOLE P. SAVEL
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Bev.Anderson@usdoj.gov
Email: Kevin.Hakala@usdoj.gov
Email: Nicole.Savel@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
U.S. Department of Justice
National Security Division
ALICIA H. COOK
Trial Attorney
Counterterrorism Section
950 Pennsylvania Ave, NW
Washington, DC 20530
Telephone: 202-514-0110
Email: Alicia.cook2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  vs.<br><br>Abdi Yemani Hussein,<br><br>    Defendant. | Mag. No. 19-mj-04589-2-TUC (EJM)<br><br>GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF BIOMETRICS |

The United States of America, by and through its undersigned attorneys, hereby supplements it Motion to compel production of biometrics (Doc. 19) with the following Memorandum of Points and Authorities as follows.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   BACKGROUND:

On August 1, 2019, the Government moved this Court to order Defendant Abdi Yemani Hussein to submit to presenting himself for purposes of obtaining biometric features, in order to effectuate the search of the digital device, identified as "TARGET 2 DEVICE" in 19-04588 MB, as authorized by Magistrate Judge Maria Davila on July 26, 2019.

After the defendant was arrested in this matter, the Government filed its motion to compel the production of biometric features on August 1, 2019.  The Court, having reviewed the Government's motion, ordered the Government to file a Memorandum of Points and Authorities in support of its Motion.  The defense shall have 14 days from the date of the Government's filing to respond.

II.   LAW AND ARGUMENT:

A.   FIFTH AMENDMENT:

The Fifth Amendment prevents the Government from compelling a person to be a witness against himself.  To qualify for the Fifth Amendment privilege, a communication must be:  (1) testimonial, (2) incriminating, and (3) compelled. *See Hiibel v. Sixth Judicial Dist. Court,* 542 U.S. 177, 189, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004).  The Supreme Court has repeatedly distinguished between compelling a communication versus compelling a person to do something that, in turn, displays a physical characteristic that might be incriminating. *United States v. Hubbell*, 530 U.S. 27, 35, 120 S. Ct. 2037, 147 L.Ed.2d 24 (2000).

The Supreme Court has long maintained that the Fifth Amendment extends only to self-incrimination which is testimonial in nature. *Schmerber v. California*, 384 U.S. 757, 761 (1966).  In similar contexts, courts have repeatedly held that the compelled display of identifiable physical characteristics does not infringe on the Fifth Amendment. *Id.* at 760-765 (upholding compelled furnishing of blood sample, reasoning that "both federal and

state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.  The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony'" but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it.")

A defendant may be compelled to produce such non-testimonial evidence as fingerprints, hair samples, handwriting samples, and blood samples. *Id.*; *See also, United States v. Dionisio*, 410 U.S. 1, 7 (1973) (compelling production of voice exemplars); *Gilbert v. California*, 388 U.S. 263, 266-67 (1967) (compelling defendant to provide handwriting exemplars); *United States v. Valenzuela*, 722 F.2d 1431, 1433 (9th Cir. 1983) (compelling defendant to shave beard and mustache at trial); *United States v. Sanudo-Duarte,* 2016 WL 126283 (D. Ariz. 2016);  (holding that defendant could be compelled to provide exemplar of his palm prints); *Commonwealth of Virginia v. Baust*, 89 Va. Cir. 267 (Va. Cir. Ct. 2014) (holding that defendant could be compelled to provide his fingerprint in order to unlock phone).  Compelling a person to provide a fingerprint, or to face a phone's screen, does not violate the Fifth Amendment.  While the act itself may be compelled and possibly incriminating, it is not testimonial.

Federal courts have issued warrants and orders authorizing the depression of a fingerprint to unlock digital devices in other cases.  *See, e.g., In re Search Warrant Application for [Redacted]*, 279 F. Supp. 3d 800, 803-04, 807 (N.D. Ill. 2017) (finding no Fifth Amendment violation if police, with a warrant, apply fingers of home's four residents onto iPhone's TouchID sensor); *In the Matter of the Search of iPhone seized from 3254 Altura Avenue in Glendale, California*, No. 2:16-MJ-398, ECF No. 3, slip op. at 4 (C.D. Cal. Mar. 15, 2016) (warrant authorizing law enforcement to depress the fingerprints of a specific individual on a specific phone); *In re search of Apple iPhone*, No. 2:13-MC-51200-LPZ, ECF No. 54 (E.D. Mich. Feb. 11, 2016) (warrant authorizing law enforcement

1  to depress the fingerprints of a specific individual on a specific phone); *see also United*
2  *States v. Keys*, No. 3:16-MJ-459, ECF No. 4 (N.D. Tex. May 26, 2016) (All Writs Act
3  order directing defendant to provide his fingerprints to aid in unlocking his Apple iPhone
4  Model 5S).  A federal court has permitted the use of a target's face for facial recognition
5  properties to unlock a digital device. *See United States v. Stephen Adams*, No. 15-CR-410,
6  ECF No. 56 (S.D.N.Y. Dec. 22, 2015)(Kaplan, J.) (denying motion to quash grand jury
7  subpoena commanding defendant to appear so that a phone seized from his person and
8  equipped with facial recognition lock may be unlocked by placing the phone next to his
9  face and activating the facial recognition function).

10  Compulsion of the defendant to provide biometric characteristics does not violate
11  the Fifth Amendment privilege against self-incrimination; these characteristics are
12  physical, not testimonial, evidence.

13  B.   FOURTH AMENDMENT:

14  The Fourth Amendment bars unreasonable searches and seizures by the
15  government. *See U.S. Const. amend. IV*. "The touchstone of Fourth Amendment analysis
16  is whether a person has a constitutionally protected reasonable expectation of privacy."
17  *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quotation omitted).  Further, "wherever
18  an individual may harbor a reasonable 'expectation of privacy'...he is entitled to be free
19  from unreasonable government intrusion." *Terry v. Ohio*, 392 U.S. 1, 9, 88 S.Ct. 1868,
20  1873, 20 L.Ed.2d 889 (1968). *See also, Sanudo-Duarte*, 2016 WL 126283.

21  Additionally, when an individual is compelled to provide fingerprints or other
22  physical evidence to the government, there are two "seizures" for purposes of Fourth
23  Amendment analysis. *See Dionisio*, 410 U.S. at 8 ("The obtaining of physical evidence
24  from a person involves a potential Fourth Amendment violation at two different levels—
25  the 'seizure' of the 'person' necessary to bring him into contact with government agents,
26  and the subsequent search for and seizure of the evidence."). If the individual is in lawful
27  custody when the physical evidence is obtained, however, the first level of analysis is
28

1  removed. *See Sanudo-Duarte*, 2016 WL 126283, *United States v. Sanders*, 477 F.2d 112,
2  113 (5th Cir. 1973); *United States v. Sechrist*, 640 F.2d 81, 85 (7th Cir. 1981). The
3  defendant is currently in lawful custody in this case, so the inquiry ends as to this first level
4  of analysis.

5  Regarding the second level of analysis, courts have determined that obtaining an
6  individual's fingerprints does not constitute an intrusion upon his privacy that warrants
7  Fourth Amendment protection. *See, e.g., Dionisio*, 410 U.S. at 4 ("The Fourth Amendment
8  prohibition against unreasonable search and seizure applies only where identifying
9  physical characteristics, such as fingerprints, are obtained as a result of unlawful detention
10 of a suspect, or when an intrusion into the body, such as a blood test, is undertaken without
11 a warrant, absent an emergency situation."). Accordingly, this Court can and should
12 compel the defendant to provide biometric characteristics, as there will not be a violation
13 of the Fourth Amendment in obtaining facial physical characteristics or fingerprints and/or
14 thumbprints.

## CONCLUSION

17 In order to obtain from Defendant Hussein the display of any physical biometric
18 characteristics, to include fingerprints/thumbprints or facial characteristics necessary to
19 unlock the TARGET 2 DEVICE, law enforcement personnel should be permitted to either
20 press or swipe the defendant's fingers/thumbs and/or hold the device in front of defendant's
21 face to activate a facial recognition feature, neither of which would be testimonial. The
22 Court's authorization would not violate the defendant's rights in that the defendant would
23 not be required to provide a password or indicate in any way which finger(s) or thumb(s)

25 /// /// ///

27 /// /// ///

1  may be used to unlock the device.  For the foregoing reasons, the Government's Motion to
2  Compel Production of Biometrics regarding defendant Abdi Yemani Hussein should be
3  granted.
4     Respectfully submitted this 14th day of August, 2019.

   MICHAEL BAILEY
   United States Attorney
   District of Arizona

   *s/Nicole P. Savel*

   NICOLE P. SAVEL
   Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 14th day of August, 2019 to:

Bradley King Roach, Esq.