**ROACH LAW FIRM, L.L.C.**
Brad Roach, Esq.
101 E. Pennington St, Suite 201
Tucson, AZ 85701
(520) 628-4100
State Bar No. 017456

Attorney for: Abdi Yemani Hussein

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br><br>vs.<br><br><br>Abdi Yemani Hussein,<br>　　　　Defendant. | Mag. No. 4:19-CR-02162-JGZ-EJM<br><br>**OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF BIOMETRICS** |

　　　　It is expected that excludable delay under 18 USC§3161(h)(1)(D) will result based upon the filing of this motion or an order based thereon.

　　　　Mr. Hussein is in agreement with the "Background" information set out in the two introductory paragraphs of the government's *Motion to Compel Production of Biometrics(Motion).* He is not, however, in agreement with the legal analysis and conclusions set forth in their *Motion.*

　　　　**Law and Argument**: The government's *Motion* cites numerous cases in support of its position that neither the 5th Amendment nor the 4th Amendment are implicated in its *Motion.* There are no reported cases that directly address the issues presented. Mr. Hussein urges the court to adopt the reasoning in *United States v. Hubbell* 530 U.S. 27, 120 S. Ct. 2037(2000). The court is also directed to the concurring opinion of Justices Thomas and Scalia and their insightful analysis of 5th Amendment jurisprudence.

　　　　The majority opinion in *Hubbell* recognized much of the law cited in the *Motion,* however, the court also found that the mere "act of production" may, in some cases, take on a "testimonial aspect" thereby implicating the 5th Amendment protection against self-incrimination. The government cites *In re Search Warrant Application for [Redacted]*, 279 F.

Supp. 3d 800 in its *Motion*. That case cites *Hubbell*, and notes that the defendant in that case was served with a subpoena that sought 11 categories of documents that encompassed 13,120 pages of documents. The court noted that, following a line of precedent, the Supreme Court held that the defendant had been compelled to implicitly communicate facts via the act of production. It is common knowledge that a person's cell phone is a repository for more personal data than any other device in the history of mankind. There are generally thousands of text message and emails stored on these devices. There is little difference between the 13,120 pages *Hubbell* was forced to produce and Mr. Hussein's cell phone. The act of requiring him to apply his fingerprint(unique in all the world) or allow his face to be subjected to recognition software (unique in all the world) clearly identifies him as the only person in the world with those physical characteristics and such an order clearly takes on a "testimonial aspect" as discussed in *Hubbell* and thereby implicates the 5th Amendment.

It is also interesting to note that the concurring opinion of Justices Thomas and Scalia where it was noted:

> Our decision today involves the application of the act-of-production doctrine, which provides that persons compelled to turn over incriminating papers or other physical evidence pursuant to a subpoena duces tecum or a summons may invoke the Fifth Amendment privilege against self-incrimination as a bar to production only where the act of producing the evidence would contain "testimonial" features. See ante, at 6-10. I join the opinion of the Court because it properly applies this doctrine, but I write separately to note that this doctrine may be inconsistent with the original meaning of the Fifth Amendment's Self-Incrimination Clause.
> A substantial body of evidence suggests that the Fifth Amendment privilege protects against the compelled production not just of incriminating testimony, but of any incriminating evidence. In a future case, I would be willing to reconsider the scope and meaning of the Self-Incrimination Clause.

This concurring opinion was authored 2000. There has been substantial shift in the make-up of the Supreme Court since that time. Justice Thomas' analysis is compelling and is a likely harbinger of decisions to come.

/

/

**Conclusion**:

Accordingly, Mr. Hussein urges this court to deny the government's *Motion to Compel Production of Biometrics*

Respectfully submitted this 22nd day of August 2019.

                                                  ROACH LAW FIRM, L.L.C.

                                                */s/ Bradley K. Roach*
                                                Bradley K. Roach
                                                Attorney for Abdi Yemani Hussein

Copy of the foregoing served electronically this 22nd day of August 2019, to:

Nicole Savel, Esq.
Assistant U.S. Attorney

Bev Anderson Esq.
Assistant U.S. Attorney

Kevin Hakala Esq.
Assistant U.S. Attorney

Alicia H. Cook Esq.
U.S. Department of Justice
National Security Division