IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>                    Plaintiff,  )<br>           vs.  )<br> Abdi Yemani Hussein,  )<br>                    Defendant.  )<br>_____) | CR 19-02162-002-TUC-JGZ (EJM)<br><br>**ORDER** |

Pending before the Court is the government's Motion to Compel Production of Biometrics. (Doc. 19.) Specifically, the government asks that this Court order the defendant "to submit to presenting himself for purposes of obtaining biometric features, in order to effectuate the search" of a cell phone, as authorized by a search warrant issued by a Magistrate Judge on July 26, 2019.

The defense opposes the motion, arguing that requiring the defendant to furnish biometric features would violate the "act of production" privilege under the Fifth Amendment. More specifically, the defense maintains that "[t]he act of requiring him to apply his fingerprint (unique in all the world) or allow his face to be subjected to recognition software (unique in all the world) clearly identifies him as the only person in the world with those physical characteristics and such an order clearly takes on a 'testimonial aspect' . . . and thereby implicates the 5th Amendment." (Doc. 26 at 2.)

The government argues "that the Fifth Amendment extends only to self-incrimination which is testimonial in nature" and courts "have repeatedly held that the compelled display of identifiable physical characteristics" are not testimonial. (Doc. 21 at 2.) Therefore, the government reasons, the production of physical characteristics does not infringe on the Fifth Amendment. (*Id*. at 3.)

1  The challenge facing the courts is that technology is outpacing the law. As a result, courts are divided on how to apply constitutional principles to ever changing technology. The government is correct that some lower federal courts have issued warrants and orders authorizing the depression of a fingerprint to unlock digital devices. (*See* Doc. 21 at 3.) However, other courts have declined to do so based on the act of production privilege, where the defendant's fingerprint would conclusively establish that the digital device belongs to the defendant.

The Court finds that the case at hand does not trigger the act of production privilege because the government already has strong circumstantial evidence that the phone belongs to the defendant. Specifically, the defendant had the phone in his pocket when he was arrested while attempting to board a flight to Egypt. The act of production privilege may have been applicable if there was no evidence regarding who owned the phone, and requiring the defendant to produce his biometric features to unlock the cell phone would conclusively establish that the phone belonged to him. But, again, that is not the situation in the case at hand.

For these reasons, the Court Orders that the government's motion is granted, and Defendant Abdi Yemani Hussein shall submit to presenting himself for purposes of obtaining biometric features, in order to effectuate the search of the digital device, identified as "TARGET 2 DEVICE" in 19-04588MB, as authorized by the Court on July 26, 2019.

DATED this 11th day of September, 2019.

Eric J. Markovich
United States Magistrate Judge