**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-02162-002-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Abdi Yemani Hussein, | |
| Defendant. | |

Pending before the Court is Defendant Abdi Yemani Hussein's Motion in Limine to Preclude Evidence of Hussein's Cell Phone Communications on Other Devices. (Doc. 435.) Defendant Hussein seeks to preclude the Government from introducing any evidence on electronic devices belonging to law enforcement agents, Co-Defendant Mohamed, or any other witness, of communications sent or received from Hussein's cell phone, on any platform. For the reasons discussed below, the Court will deny Defendant Hussein's motion.

## BACKGROUND

The Defendants were arrested on July 26, 2019. A criminal complaint filed after their arrest alleges Mohamed and Hussein were self-professed ISIS supporters who conspired to travel overseas to join the foreign terrorist organization. (Doc. 3-1 at 2.) Between May 17, 2019 and July 26, 2019, the day of arrest, the Government alleges that Hussein and the UCE exchanged messages on an encrypted messaging app, Wickr, through which Hussein communicated his travel plans to Egypt to join ISIS with Mohamed. (Doc.

449 at 2.) An FBI undercover employee ("UCE") received the messages from Hussein and saved the messages by taking a picture of the screen displaying the message with a separate cell phone. (*Id.*) The Government disclosed the existence of those screen shots to Defendants most recently in December 2022, and included them on the exhibit list provided to defense counsel on August 11, 2023. (*Id.*)

When Hussein was arrested, the Government collected the cell phone that he was carrying at the time. (*Id.*) The Government obtained a warrant to search the cell phone. (*Id.*) When executing the warrant, agents observed Hussein unlock the phone with his passcode. (*Id.*) Because other courts have held that passcodes are testimonial[1], the Government agreed with defense counsel that it would not review the contents of the cell phone. (Doc. 449-1.)

**DISCUSSION**

In the pending motion, Defendant Hussein seeks to preclude all evidence on any electronic devices belonging to law enforcement agents, Defendant Mohamed, or any other witnesses, of all communications sent or received from Hussein's cell phone on any platform. (Doc. 435.) Defendant Hussein argues that: (1) the Government agreed to exclude such communications; (2) admission of such communications violate his Fourth Amendment rights; and (3) the communication evidence is irrelevant, and the admission of such communications will unfairly prejudice the Defendant. (*Id.*)

**A. Government's agreement to not use certain evidence.**

The Government and Defendant Hussein did not agree that evidence held by electronic devices other than Defendant Hussein's phone would be excluded from evidence. (Doc. 449-1 at 2-3.) The Government agreed not to review the contents of the cell phone Hussein was carrying when arrested and stated it did "not intend to introduce evidence from Hussein's phone." (Docs. 449-1 & 449-2.) The email exchange between counsel only addresses the content downloaded by the Government from Defendant Hussein's phone, not communication or other content which at some point prior to

---

[1] *See, e.g., United states v. Maffei*, No. 18-cr-00174-YGR-1, 2019 WL 1864712, at *6 (N.D. Cal. Apr. 25, 2019).

- 2 -

Defendant's arrest may have been sent or originated from that phone or any other device. (*Id.*) Accordingly, the admission of the evidence of communications sent from Hussein's phone and received on other devices would not disturb the agreement between the Government and the Defendant.

### B. Fourth Amendment privacy interest.

Defendant Hussein argues that messages sent electronically to or from the Defendant's cell phone are protected under the Fourth Amendment. (Doc. 435 at 2.) Defendant cites *Carpenter v. United States*, 585 U.S. 296 (2018), as legal authority for this assertion. However, *Carpenter* is narrow and only addresses "cell-site location information" gathered by cell phone towers, as opposed to recorded business information voluntarily shared with, controlled, and maintained by third parties. *Id* at 316. Neither type of information discussed by the *Carpenter* court is at issue here, as the Government seeks to admit messages sent to the UCE and captured by that agent. (Doc. 449 at 2.) Courts have long held that defendants assume the risk that the person they are communicating with might disclose such communications to the authorities. *See Smith v. Maryland*, 442 U.S. 735, 743-744 (1979). The Defendant does not have a privacy interest in the messages sent from his phone to other individuals.

### C. Relevance and unfair prejudice of the communication.

Defendant Hussein argues that the Government cannot establish that the communications sent to the UCE from his cell phone were actually sent by Hussein. He argues that, therefore, the communications are not relevant pursuant to Federal Rule of Evidence 401 and that they should also be excluded under Rule 104. (Doc. 435 at 2.)

Rule 104 states: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." Fed. R. Evid. 104(b). "When the relevancy of evidence is conditioned on the establishment of a fact . . . the offering party need only introduce sufficient evidence to permit a reasonable jury to find the conditional fact by a preponderance of the evidence to establish that the

evidence is relevant." *United States v. Balthazard*, 360 F.3d 309, 313 (1st Cir. 2004). As such, the proponent of evidence must authenticate the evidence by "produc[ing] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. "The standard for authenticating evidence is 'slight.'" *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3rd Cir. 1985). There need not be conclusive proof of authenticity, but "merely a prima facia case showing some component evidence to support authentication." *Id*.

Here, the Government details evidence it will introduce to show that Defendant Hussein was the sender of the messages at issue. (Doc. 449 at 5.) The Court finds that the proposed evidence would likely lay a foundation from which a jury could reasonably find that the evidence is what the proponent says that it is and establish the relevancy of the evidence. *See United States v. Branch*, 970 F.2d 1368 (4th Cir. 1992.) Moreover, even if the messages were sent by Mohamed, if done with Hussein's knowledge and permission, the messages would be relevant to the alleged conspiracy.

Defendant Hussein also argues that the admission of the communication evidence will unfairly prejudice Hussein and should be precluded under Rule 403, an argument this Court must consider even when it is found that such evidence is relevant. *See Balthazard*, 360 F.3d at 314. For evidence to be excluded under Rule 403, "the danger of prejudice must not merely outweigh the probative value of evidence, but must *substantially* outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (emphasis in original). Excluding evidence via Rule 403 is "an extraordinary tool to be used sparingly." *Id*.

"Without a doubt, evidence presented by the Government in a criminal case is always prejudicial to the defendant. If it were not, the prosecution wouldn't be introducing it." *Robinson v. Runyon*, 149 F.3d 507, 510 (6th Cir. 1998). Here, the communication evidence would be highly probative of Hussein's alleged participation in the conspiracy. Alternatively, the danger of *unfair* prejudice is low.

## CONCLUSION

For the foregoing reasons, the Court finds that the evidence of communications sent

from Defendant Hussein's cell phone is not barred by the prior agreement between the Defendant and the Government; such communications are not subject to Fourth Amendment protections; and such communications are relevant to the case and not unduly prejudicial under Rule 403. Accordingly,

**IT IS ORDERED** Defendant Hussein's Motion to Preclude Evidence (Doc. 435) is **denied**.

Dated this 1st day of April, 2024.

_____
Jennifer G. Zipps
United States District Judge